[No. 12545. In Bank. — January 15, 1889.]

## W. J. LAWRENCE, RESPONDENT, *v.* JAMES M. GAYETTY ET AL., APPELLANTS.

SETTING ASIDE CONVEYANCE — FRAUDULENT REPRESENTATIONS — PROMISE, WHEN FRAUDULENT. — Fraudulent representations, to be ground for setting aside a conveyance, must be as to an existing and material fact, or the affirmation of a matter in future as a fact, and not a mere opinion, statement of intention, or promise in good faith to do an act in future; but a complaint which alleges the making of promises with a present intention at the time of making them not to perform, and that plaintiff relied upon them and was induced by them to make a conveyance, states a cause of action for setting it aside.

ID. — FAILURE OF CONSIDERATION — TOTAL NON-PERFORMANCE OF CONTRACT. — An executed conveyance cannot be set aside for a mere failure of consideration owing to the total non-performance by the vendee of a contract made at the time of its execution as the consideration of the conveyance, if there were no false representations or fraud in fact, and the performance of the contract was not expressly made a condition affecting the validity of the conveyance. The fact that the vendee was to expend money in certain improvements cannot affect the right to rescind the conveyance for a mere breach of the contract. The only remedy is to recover damages for the breach.

ID. — RESCISSION OF CONTRACT — CONSTRUCTION OF CODE. — Section 1689 of the Civil Code, providing for the rescission of contracts for a failure of consideration through the fault of the party as to whom rescission is made, does not apply to a conveyance of land executed in reliance upon a future promise to pay the consideration, where the vendor waives actual performance as a condition of vesting the title.

APPEAL from a judgment of the Superior Court of Placer County.

The facts are stated in the opinion of the court.

*Van Ness & Roche,* for Appellants.

*J. M. Fulweiler,* and *Jo Hamilton,* for Respondent.

WORKS, J.—Action to set aside two deeds by the plaintiff to the defendants of a mining claim owned by him, on the ground of fraud and failure of consideration. The complaint avers, in substance, that the plaintiff was the owner of the mine, and was poor and unable to furnish the necessary machinery and mills to develop the same; that the property was, at the time of the conveyance, of the value of $10,000, and has since increased to the value of $40,000; that the defendant Peter C. Gayetty falsely represented to the plaintiff that he had great influence with men of capital and was able to interest them in the development, improvement, and working of the mine, and proposed and agreed that he would build or cause to be built on said property certain quartz-mills and hoisting machinery, and run cuts and tunnels, and make other improvements thereon within about one month, either by himself or by said men of capital, of the value of $10,000, said work to be prosecuted diligently, and plaintiff to have possession of the property and superintend the work, provided plaintiff would convey to said Gayetty, or some one to be named by him, the one half of said land and mining claim, plaintiff to retain the ownership of the other one half thereof, with a like interest in said improvements; that plaintiff was induced by said false and fraudulent representations to, and did, convey to the defendant James M. Gayetty, in trust for said Peter C. Gayetty, the one half of said property; that the consideration of $150, named in said deed, was not the true consideration, and no part thereof was ever paid, and all cost of executing the deed was paid by plaintiff; that James M. Gayetty was the son of Peter C. Gayetty, and took said conveyance with a full knowledge of all the facts; that thereafter plaintiff was induced by the urgent solicitations of said Peter C. Gayetty, and to enable him to carry out his said promises, to join with the said James M. Gayetty in executing to the defendants and the plaintiff a deed for certain por-

tions of said mining claim (describing it); that the consideration of said last-named deed was *said promises and agreements*, and the further consideration, as expressed in said deed, of one half or one hundred thousand shares of the capital stock of a corporation thereafter to be formed; that the same was executed on the promises of said Gayetty that said persons would go on and form a corporation for mining purposes and issue such stock and work and develop said mine and erect said mill and hoisting-works and make said improvements thereon as agreed; and plaintiff, believing said representations and promises, made said conveyance, thereby vesting the legal title to said property in the defendants; that the plaintiff, from his ignorance, and the entire faith, confidence, and trust he had in said Peter C. Gayetty, and believing said representations and promises made by him, executed said deed first named, and without any consideration *other then the false and fraudulent promises and representations aforesaid*, and, also, having like faith and confidence in his and the other defendants' representations, he joined in the execution of the last-named deed, and for the whole of said property he has not received one cent of money, nor one share of stock, nor any other consideration whatever.

The complaint avers that none of said representations, promises, or agreements have been complied with; that they were falsely and fraudulently made to secure the execution of said deeds and to deceive and defraud the plaintiff, and were known to be so made by all of the defendants; that said Peter C. Gayetty neither had nor exercised any influence with any man of capital, and never intended to pay one cent or perform any of his said promises or agreements, or either of them; that said corporation was never formed, nor any stock issued nor money expended on any of said proposed improvements; that plaintiff, after waiting six months, and nothing being done, or attempted to be done, by the

defendants, or either of them, enlisted other means, and has greatly improved said property, working and developing the same by opening shafts, running tunnels, building mills and hoisting-works, and making other improvements, thereby enhancing the value of the property to more than twenty thousand dollars.

It is also alleged that, "*by reason of said falsehoods and deceits of the defendants aforesaid, the consideration of said deeds has wholly failed.*"

The prayer of the complaint is, that the court " order, adjudge, and decree that the defendants, and each of them, reconvey to this plaintiff whatever of the estate in said property is in him vested, and that the legal title of all of the said defendants be restored and reinvested in the plaintiff," and for general relief.

There was a demurrer to the complaint by the defendant James M. Gayetty, on the ground of ambiguity, in that it did not show the number of shares of stock of the corporation mentioned therein, or the number of shares the plaintiff was to have as part consideration for said deed, and on the further ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled.

The defendants answered, denying the material allegations of the complaint.

There was a trial by the court, and findings in substance:—

1. That plaintiff was the owner of the property.

2. That on the seventh day of October, 1884, the same was of the value of ten thousand dollars, and at the time of filing the complaint of the value of twenty thousand dollars.

3. That plaintiff was poor, and unable to develop the mine, and the making of the representations and promises by Peter C. Gayetty for himself and as agent for the other defendants substantially as alleged in the complaint, including the promise to form said corporation

and issue to plaintiff fifty thousand shares of the stock thereof.

4. "That thereafter, on said seventh day of October, 1884, the plaintiff, in consideration of *the full perform-ance of the promises and agreements of the defendants,* and relying upon their said representation, as set out in findings 4 and 5, *and for no other consideration,* exe-cuted and delivered the deeds mentioned in the com-plaint, and also signed the said articles of incorporation, to assist the defendants in carrying out their said prom-ises and agreements."

5. The recording of the deed and the filing of the ar-ticles of incorporation of the proposed corporation in the office of the county clerk and of the secretary of state, and the issuance of the necessary certificate of in-corporation.

6. That the defendants have not performed any of the promises found to have been made, and have failed, ne-glected, and refused to keep or perform the same.

7. The plaintiff kept and performed all of the cove-nants on his part.

8. "That there has been *no false representations, nor fraud,* in fact, but there has been a *complete failure of consideration* for the said deeds or conveyances, and for said contract with the defendants, and without the fault of the plaintiff."

The conclusion of law was, that "plaintiff is entitled to a decree extinguishing his contract with the defendants, and nullifying and setting aside and canceling the said deeds to the defendants and all of them," and judgment was entered in favor of plaintiff accordingly, from which judgment the defendants appeal.

1. The appellants contend that the complaint was in-sufficient, and that the court erred in overruling the de-murrer thereto.

It will be seen that there are two causes of action, or rather two grounds, alleged in the complaint for setting

aside the deeds, viz., fraudulent representations and failure of consideration; but these causes grow out of precisely the same state of facts. The representations alleged to have been made are not as to existing facts, but consist in mere promises to perform certain acts in the future. Independent of code provisions, the rule is, that representations, to constitute sufficient ground for the relief sought in this action, must be as to an existing and material fact, or the affirmation of a matter in the future *as a fact,* and not a mere opinion, statement of intention, or promise to do some act in the future. (Pomeroy's Eq. Jur., secs. 877, 888; *Neidefer* v. *Chastain,* 71 Ind. 363; 36 Am. Rep. 198; *Welshbillig* v. *Deinhart,* 65 Ind. 94, 98.)

Strictly speaking, a mere promise is not a representation, and the failure to make it good is a breach of contract which gives a cause of action, but not the one pursued here.

But the making of a promise with no intention at the time of performing it constitutes a fraud, for which a contract may be rescinded. (Civ. Code, sec. 1572; see also Bigelow on Fraud, 483 et seq.)

The mere failure to perform the covenant does not relate back to and render the same fraudulent. It is the present intent not to perform it that renders it wrongful. The complaint alleges facts sufficient to bring it within the statutory provision as to what shall constitute actual fraud. It sets out fully the promises made, and that, at the time they were made, the defendants had no intention of performing them.

It is true, as counsel for appellants contend, that it is not sufficient to characterize a transaction as fraudulent, and that the facts constituting the fraud must be stated. (*Kinder* v. *Macy,* 7 Cal. 206; *Meeker* v. *Harris,* 19 Cal. 278; *Capuro* v. *Builders' Ins. Co.,* 39 Cal. 123.)

But the facts are pleaded here. The material facts necessary to show actionable fraud are: 1. The making

of the promises; 2. That the plaintiff relied upon and had a right to rely upon them; 3. That he was induced thereby to, and did, make the conveyances; 4. That the defendants have not performed the acts promised, and had no intention of doing so, at the time of making them.

The complaint states facts sufficient to entitle the plaintiff to have the deeds set aside and the property restored to him, on the ground of fraud, and the demurrer thereto was properly overruled.

2. The appellant further maintains that the judgment is not supported by the findings, and that, under the facts as found, the judgment should have been for the defendants.

It will be noticed that upon the question of fraud the findings are in favor of the defendants. The finding is, that "*there were no false representations nor fraud in fact.*"

This effectually disposes of that branch of the complaint, and leaves the plaintiff to depend for a recovery upon a failure of consideration. This brings us to a consideration of the question whether the facts alleged in the complaint, and found by the court, show such a failure of consideration as will authorize the setting aside of a deed conveying real estate.

It seems to us that, shorn of the question of fraud, the complaint and findings present the plain, simple question whether a conveyance of real estate, fully executed on the part of the grantor, can be set aside for a failure of consideration, on the sole ground that the promises and agreements which induced its execution, and which, by the terms of the contract under which the deed is made, were not to be performed until after its execution, have not been performed. The plaintiff saw proper to accept the verbal promise of the defendants to do certain things without any agreement or understanding that the failure to do the acts as promised should be a condition, or in any way affect the validity

of the deed, or entitle him to a reconveyance. Counsel for respondent say that the reasonable inference from the continued failure and refusal to comply with their promises is, that the defendants did not intend to comply with them at the time they were made, but this is an argument in the face of the direct finding of the court that there was no fraud. This is a finding against the contention that they had no intention of performing their part of the contract, as the making of the promises and the failure to perform are clearly found. We are compelled to treat the case as one where the promise was made in good faith, but has not been performed.

Mr. Waterman in his work on Specific Performance, section 189, says: "With regard to the failure of the consideration as a defense, it is scarcely necessary to say that by this is not meant the non-payment of the purchase-money according to the agreement, the liability to pay, though default be made, being a consideration, but the failure of the contract by the occurrence of something which either determines the existence of the subject-matter or materially affects it. If the subject-matter be not essentially affected, though there may be a claim for compensation, the party injured will not be entitled to be discharged from the contract. Events which, happening before the conclusion of a contract, avoid it, either by determining the existence of the subject-matter or materially affecting it, do not, properly speaking, terminate the contract, but prevent the contract from arising."

It must be borne in mind that the plaintiff did not contract to convey upon the performance of the contract on the part of the defendants; therefore his promise was not dependent upon theirs; nor was there anything appearing in the deed, or in the contract under which it was made, showing or tending to show that a compliance with their promises was regarded as a condition subsequent, or that a failure to perform on their part

should in any way effect the title conveyed to them. The case is precisely the same in principle as if the plaintiff had conveyed and taken a note for the purchase-money, and the defendants had failed to pay the same. The fact that the promise is to expend money in making certain improvements instead of a promise to pay money to the plaintiff can make no difference as to the right to rescind on the ground that the grantees have failed to perform the covenants on their part. Certainly it would not be seriously contended that the mere failure by the vendee to pay the purchase-money could entitle the vendor to rescind the contract and recover back the land; and yet that is the ground upon which the plaintiff in this action must recover under these findings, if at all.

Counsel for respondent rely upon section 1689 of the Civil Code. In our judgment, the section referred to has no application to a case like this, where the vendor has waived actual performance on the part of the vendee, by relying upon his mere promise to perform, and, relying upon such promise to perform in the future, has executed the conveyance, thereby vesting the title to the property in his grantee. The contract on the part of the vendor is wholly executed. If the mere promise and the failure to perform is not sufficient to set aside a deed on the ground of fraud, as we have shown, the fact that the same acts are characterized in the pleading as a failure of consideration cannot give them additional force, and thereby bring about the same result. The case of *Hartman* v. *Reed*, 50 Cal. 485, is in point against the respondent. There the conveyance was of an undivided interest in an unconfirmed Mexican grant, and the consideration was the agreement of the vendee to prosecute to a final determination, before the board of land commissioners and the courts of the United States, the claim of the vendor to the said rancho, which agreement was not performed. It was said in that case:—

" The title to the undivided third of the rancho vested absolutely in Crosby, and his agreement did not constitute a condition, upon a breach of which the title would revest in Olvera, but a breach of the agreement only gave Olvera a cause of action for damages."

Leaving out of sight the question of fraud, which, as we have seen, was found against the respondent by the court below, the case cited and the one before us are identical in principle. Such a rule may work hardship in individual cases, and this may be one of those cases; but to hold that a vendee of real estate could, for a failure to pay the purchase-money, repudiate his deed and recover the land, would render real estate titles dangerously uncertain, and result in the most serious consequences. The judgment is not sustained by the findings.

The complaint in this case and the prayer for relief were such as to entitle the plaintiff to a judgment for damages, and as his right to such recovery was not passed upon, the judgment and order appealed from are reversed, with instructions to the court below to grant a new trial, and allow the parties to amend their pleadings if they so desire.

McFARLAND, J., SHARPSTEIN, J., THORNTON, J., and PATERSON, J., concurred.