Matthias, J.
The question of law presented by the record in this case is whether the plaintiff is en *222 titled to a decree of cancellation and rescission of the deed executed by him to the city of Cleveland. The record discloses that the tract of land involved in this controversy is an irregular strip of ground consisting of seventeen and a fraction acres. The purchase of that tract, which was situated on the south side of Kinsman Road, and of a certain other tract of land lying north of Kinsman Road, both belonging to the plaintiff, was authorized by ordinance of the council of the city of Cleveland, the purchase price proposed therein being $35,000. Separate deeds conveying these two parcels of land to the city were duly executed by the plaintiff July 2, 1906; that for the land north of Kinsman Road stating a consideration of $32,000, and the money consideration named in the deed for the tract south of Kinsman Road being $3,000. ,The tract last referred to was acquired by the city for park and boulevard purposes, and the deed conveying same to the city contained the recital heretofore set forth, providing that the city should open and improve said boulevard as therein specified. In order to fully carry out its plan for such park and boulevard improvement, the city at various times from 1909 to 1913 purchased of the plaintiff other tracts bordering upon the proposed boulevard, paying him therefor a consideration aggregating more than $43,000.
The plaintiff seeks the cancellation and rescission of the deed conveying this seventeen-acre tract, excepting a small portion thereof adjoining Kinsman Road, on the ground that the city has failed to pay the portion of the consideration therefor involved in its promise to improve the same as a boulevard, *223 ana on the further ground that the city rendered unenforceable its obligation therein made by failing through its auditor and clerk to certify that the money required to make such improvement was in the treasury to the credit of the fund from which it was to be drawn, and not appropriated for any other purpose.
The plaintiff owned other property in the vicinity of the several tracts of land deeded by him to the city, as above set forth, which it appears would be materially benefited by the proposed improvement. The record discloses that although the city has not made the improvements which were apparently contemplated at the time of the original transaction, it has spent a considerable sum of money in pursuance of its announced plan and purpose. In addition to the $43,000, and more, paid to the plaintiff for additional tracts of land to be used in connection with the land previously procured from the plaintiff in furtherance of such park and boulevard project, the record shows that the city has expended more than $45,000 in the improvement of these several properties. The topographical condition of these properties was such that it became necessary to make the improvement thereof jointly, and over $12,000 of the amount expended was actually expended, as appears from the record, upon the seventeen-acre tract here in question. This action was brought in December, 1916. It appears from the record that some of this work was done as late as 1916 and 1917. The testimony of the engineer is that for practically half of the way all proposed improvements have been made except the paving and *224 the cement sidewalks. There is no evidence of abandonment of the project by the city. There is neither evidence nor claim of any fraud or bad faith upon the part of the city authorities in the procurement of the deed of conveyance in question, nor of any mistake of the parties.
It seems quite well settled that mere failure of consideration, whether partial or total, when unmingled with fraud or bad faith, is not sufficient in equity to warrant the rescission of an executed contract; and, further, that in the absence of fraud a deed for real estate will not be set aside as for a failure of consideration on the sole ground that the promises and agreements which entered into its execution, and which were to be performed in the future, have not been performed. So equity will not interfere ordinarily where a grantor has seen fit to accept a promise on the part of his grantee for the performance of certain acts, without specifically providing that failure to perform shall be a condition of forfeiture, or in some way affect the validity of the deed, or entitle him to a reconveyance. 4 Ruling Case Law, 500, and 5 Pomeroy’s Equity Jurisprudence, Section 2108 (1 Pomeroy’s Equitable Remedies, Section 686).
The condition or proviso contained in this conveyance is quite general in its terms and in its requirements. It is neither a condition precedent' to the passing of title, nor is it made by the terms of the conveyance a condition subsequent, requiring forfeiture of the title in the event of failure to fully perform the condition stated. When there is an agreement to make improvements on land and to do certain *225 acts in the future as a part of the consideration for a conveyance, but performance is not made a condition subsequent, mere failure to perform on the part of the grantee, does not constitute a failure of consideration so as to entitle a grantor to rescission. Lawrence v. Gayetty et al., 78 Cal., 126.
The most that can be claimed for the plaintiff in his effort to obtain redress by proceeding in equity for cancellation of his conveyance to the city is that there was an inadequate consideration through failure of the grantee to pay a portion of the consideration in the manner specified in the deed. While under certain circumstances or special relation of the parties equity will closely examine a transaction where there appears to have been any undue influence or improper advantage, yet it will not ordinarily act where there is a mere inadequacy of consideration, nor relieve a party from the effects of an injudicious contract. The mere fact that the purchase price has not been paid is not sufficient ground to set aside a deed. The fraud must be in the original transaction and not in the unfulfillment of the contract. Crane et al. v. Conklin et al., 1 N. J. Eq., 346.
The contract and the statements of the plaintiff clearly indicate that he believed the proposed project would be profitable to him because of the resulting increase of the value of his remaining land. On the other hand the city authorities believed it would result in benefiting and beautifying that section of the city. The arrangement made for their mutual benefit and advantage, so far as the record *226 discloses, was fairly made, without any suggestion of fraud, misrepresentation or concealment upon the part of anyone for the purpose of procuring such conveyance. A mistake as to the legal effect of a transaction is not ground for rescission. (Valley Railway Co. v. Lake Erie Iron Co., 46 Ohio St., 44, and Phillips, Exr., v. McConica, Guardian, 59 Ohio St., 1.) Such rule is especially applicable in the absence of any condition of forfeiture. Village of Ashland v. Greiner, 58 Ohio St., 67, and Walcutt v. Treisch, 82 Ohio St., 263.
The unexpected delay in the development of the property and improvement of the boulevard is not a sufficient ground for the cancellation and rescission of this conveyance, which was valid when made. The only other ground upon which the claim for rescission is based is the failure of the city auditor or clerk to make and file a certificate that the money required to make said improvements was in the treasury to the credit of the fund from which it was to be drawn, and not appropriated for any other purpose.
Section 3806, General Code, generally known as the Burns law, has no application to this transaction. It must have been understood by both parties that the statement with reference to the improvement of said properties was a statement of a general policy then defined and subsequently to be followed. There is in the proviso referred to no promise of the city to pay or expend any specific sum of money. In fact the proviso expressly declares that the things required to make the proposed improvements “shall *227 be done as regards both manner and material pursuant to the direction and discretion of the Board of Public Service of the City of Cleveland, and commenced in the year 1907, with progress towards completion as rapidly as possible.”
Plaintiff has previously ratified the conveyance which he now attempts to rescind. He affirmed the same by his previous suits, wherein he attempted to recover damages from the city for its delay in making the desired improvements. One of these actions was dismissed by the plaintiff in 1912 at the time the city paid him $21,000 for three of the tracts of land adjoining this boulevard. Plaintiff contends such dismissal was upon the further verbal understanding with certain city authorities that they would expend $15,000 of each six months’ appropriation until such improvement should be completed.
Not only was there no tender or offer to place the city in statu quo as a condition of the cancellation and rescission of this conveyance, but the record discloses that that would be practically impossible.; The trial court decreed a cancellation of the conveyance of all the seventeen-acre strip except a small portion thereof abutting on Kinsman Road, and seems to have concluded that the $3,000 consideration named in the deed was in fact the consideration for that small tract, and that the consideration for the major portion thereof, that which the court decreed should be restored to the plaintiff, was the promise and undertaking of the city authorities to improve in the manner stipulated. The *228 portion of such tract of land adjoining Kinsman Road and the tract of land subsequently purchased from the plaintiff by the city would probably have little value if the one transaction is to be set aside and the seventeen acres designed to be used for boulevard purposes should be returned to the plaintiff. Most of the land conveyed to the city by the several conveyances referred to could be reached only from the proposed boulevard. It must be concluded that the city has not forfeited the right acquired by it in this property, and the plaintiff is not entitled to a decree of cancellation and rescission of the deed conveying same to the city.
The judgment is reversed, and judgment rendered for plaintiff in error.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.