[Civ. No. 3364. Third Appellate District.—December 3, 1927.]

JOE H. MASERO et al., Appellants, v. W. L. BESSOLO, Respondent.

John Perry Wood and Willedd Andrews for Appellants.

P. E. Greer for Respondent.

PLUMMER, J.—Judgment of nonsuit was entered in favor of the defendant in the above-entitled action begun and prosecuted by the plaintiffs for rescission of a certain deed of conveyance made and executed by the plaintiffs and delivered to the defendant, granting and conveying certain lands and premises set forth in the complaint. From this judgment the plaintiffs appeal.

The amended complaint, among other things, alleges that the plaintiffs were the owners of the land described in the complaint. That the defendant, with the intent to obtain the ownership in fee of plaintiffs' real property as described in the complaint, represented to the plaintiffs that the said W. L. Bessolo was the owner of patents covering the manufacture and sale of thirty-eight different kinds of tools, including valuable big rotary tongs; that if the said plaintiffs would deed their real property to the defendant, the defendant would use the real property in question as a factory site for the manufacture of all of said tools, including the manufacture of said valuable big rotary tongs, and that the plaintiffs would participate in a partnership with the said defendant in such manufacture and receive equities in all of said defendant's patents covering said thirty-eight tools, including the patent covering the said valuable big rotary tongs; that the plaintiffs, believing said representations to be true, and being induced thereby, did, on the thirteenth day of June, 1922, grant and convey to said defendant the property described in the complaint; that said defendant, at the time of making said representations, had no intention of carrying out the same; that the defendant has not, since the thirteenth day of June, 1922, assigned, sold, or transferred to the plaintiffs, or either one of them, any interest whatsoever in any partnership in said valuable big rotary tongs, or the patent therefor; that the plaintiffs have received no consideration whatever on account of the transfer of their said real estate to the defendant; that plaintiffs have offered to deliver to defendant everything of value received by the defendant, and, further, demanded a reconveyance and possession of the property covered by said deed; that the defendant has refused to reconvey said property to the plaintiffs; that the real estate involved is now, and was at the times mentioned, of the value of $10,000. The prayer of the complaint is for cancellation of the

deed, and for such other and further relief as the court may deem just and equitable.

At the conclusion of the plaintiffs' case defendant interposed a motion for nonsuit on the following grounds: ''Mr. Greer (counsel for defendant): At this time I should like to make a motion for a nonsuit based on two grounds, first, that no offer has been shown, and, second, that lack of consideration is not a sufficient ground for the cancellation or rescission of a deed of conveyance of real property'' (citing a leading case decided in bank in the supreme court of the state of California in 1889, the case of *Lawrence* v. *Gayetty,* 78 Cal. 126 [12 Am. St. Rep. 29, 20 Pac. 382].) Thereupon, the trial court awarded judgment of nonsuit to the defendant upon the following grounds: First, ''that no fraud has been shown; second, that lack of consideration is not sufficient ground for cancellation or rescission of a deed of conveyance of real property.''

The testimony set forth in the transcript shows that at the time of the transactions herein referred to, the plaintiffs were the owners of the premises described in the complaint; that the defendant promised and agreed to assign and deliver to the plaintiffs three equities in the thirty-eight patents owned by him, including the patent of big rotary tongs; that the patent covering the rotary tongs was the one of value; that the value of the equities in said patent was discussed by the defendant and the plaintiffs. The testimony of the defendant as to the value of the patents is as follows: ''I told them that the patent was valued at six million dollars.'' The testimony further shows that each equity therein agreed to be transferred by the defendant to the plaintiffs was of the value of $3,000. The testimony of the plaintiffs is to the effect that the defendant told them that the transfer of the equities to be made by them to the defendant would give them an interest in the partnership and entitle them to a participation therein; that they were to have half the profits of making the tongs. The testimony of the defendant in this particular, by question and answer, is as follows: ''Q. What did you say about participation in the partnership? A. Participation in the partnership, it is in the contract that they had made, that they would have half of the profits on making the tongs. Q. You were very careful to state then at that time that

they only were to participate as a partner with you in the profits, and not in the patent, is that true? A. The equity and the filing of the patent office, it was read very carefully and it was so understood, yes, sir. Q. Did you say that to them? We talked to them—we talked about it, yes, sir." The testimony of the plaintiffs, as stated, was to the effect that they were to participate in the partnership as well as in the profits of the making of the tongs. We take the following also from the defendant's testimony: "Q. Didn't you say to them, before they signed this contract, that you were the owner of a patent covering the rotary tongs, and that they could manufacture and sell 100 of them as per your blue-print? A. Yes, sir, I told them that rotary tong." That the defendant did not render to the plaintiffs, or any of them, the consideration agreed upon, is established by the defendants' own testimony, to wit: "Q. Mr. Bessolo, did you actually transfer, at any time, to Joe H. Masero and Lina Masero, his wife, any bills of conveyance in your patents at the Clearwater factory? A. I can't answer that question. Q. Mr. Bessolo, did you actually and personally give any equity to Frank Zamboni or Carmellina Zamboni, his wife, as a consideration for the transfer of this ten acres to you? A. No. Q. Did you see anyone give Frank Zamboni and Carmellina Zamboni, his wife, this one equity that you mention? A. No." The testimony of other witnesses established the fact that no equities, as testified to, were ever transferred by the defendant to the plaintiffs. The equities referred to in the testimony are definite interests in the patents belonging to the defendant, evidenced by declaration filed in the patent office, and are and were transferable only by assignment made and filed in that office. The testimony of the plaintiffs was further to the effect that they had received no consideration whatever for the transfer to the defendant of the ten acres of land mentioned in the complaint, and that the defendant had not retransferred said lands to the plaintiffs, or to any one of them.

Upon this appeal the respondent relies simply upon the two grounds upon which the motion for nonsuit was granted, to wit: That no fraud had been shown; and that failure of consideration was not sufficient to support a judgment for cancellation of rescission of a deed of conveyance to

real property. The fact that the complaint sets forth sufficient allegations, and the testimony in the record amply justifies a judgment awarding damages to the plaintiffs is unmentioned. This being an equity case, the plaintiffs were entitled to the relief made by their pleadings and the testimony, irrespective of whether they were correct or incorrect in their views as to the relief to which they were entitled. The relief to which parties may be entitled in an action for rescission is set forth in 4 California Jurisprudence, page 797, section 29: "In an action for cancellation, the court is not limited as to its decree by the mere offers and demands of the parties, but it may do exact justice between them all. It may decree cancellation on the basis simply of a general prayer for relief, though not on a prayer for a money judgment alone. Where the instrument is evidence of different rights or obligations, the cancellation may be as to only a part thereof, allowing the residue to stand. And where it is necessary and appropriate, the decree may take the form of a personal monetary judgment." Other forms of the decree are set forth in the section of California Jurisprudence cited, but are not material here. The forms of relief which we have set forth are supported by numerous authorities. In the case of *Lawrence* v. *Gayetty, supra,* the proposition of law which we have here stated is fully set forth. That action had for its purpose the setting aside of two deeds of conveyance affecting property alleged to be of the value of $10,000, at the time of the conveyance, and which had since increased to the value of $40,000. The action was based upon failure of consideration, and that the defendant had not complied with the agreements made by him. The court, after holding that failure of consideration furnished no ground for the cancellation of the deed before delivered, where the consideration related to some act to be performed in the future, said "Leaving out of sight the question of fraud which, as we have seen, was found against the respondent by the court below, the case cited and the one before us are identical in principle. Such a rule may work hardship in individual cases, and this may be one of the cases; but to hold that a vendee of real estate could, for a failure to pay the purchase money, repudiate his deed and recover the land, would render real estate titles dangerously uncertain,

and result in the most serious consequences. The judgment is not sustained by the findings. The complaint in this case, and the prayer for relief were such as to entitle the plaintiff to a judgment for damages, and as his right to such recovery was not based upon, the judgment and order appealed from are reversed, with instructions to the court below to grant a new trial and allow the parties to amend their pleadings if they so desire.'' The prayer in the case at bar, attached to the complaint which we have set forth, asked for any relief that might be just and equitable, but irrespective of the prayer, the defendant having answered the complaint and gone to trial, the plaintiffs were entitled to any relief shown by their testimony and supported by the pleadings. The same doctrine as set forth in *Lawrence* v. *Gayetty, supra,* is upheld in the case of *Schott* v. *Schott,* 168 Cal. 342 [143 Pac. 595]. It is there held, quoting from the syllabus: ''As to the first parcel of land, the mother's remedy for the breach of the son's undertaking is at least an action for damages. Under all the circumstances, in the absence of fraud, actual or constructive, she has no right to rescind or to have the deed set aside.''

In the case of *James* v. *James,* 80 Cal. App. 185 [251 Pac. 666], this court had before it an action prosecuted to secure the cancellation of a deed on account of the failure of the defendant to comply with certain promises involving certain acts thereafter to be performed. The plaintiff had judgment in the trial court and that judgment was reversed in this court on the principle that under such circumstances the plaintiff was entitled only to damages.

The trial court in the case of *Lawrence* v. *Gayetty, supra,* having before it pleadings very similar to the ones in the case at bar, took into consideration only the two grounds upon which rescission was sought, and overlooked entirely the fact that if rescission could not be had, redress might be granted by a court of equity as the justice of the case might require. The opinion from that case which we have quoted shows that the subject of damages was not considered, and in sending the cause back for a new trial, leave was granted to amend the pleadings so as to fully present the question of damages to the trial court. In the case at bar the judgment of the trial court leaves in the possession of the defendant title to $10,000 worth of prop-

erty, without having paid any consideration therefor whatever. The real thing of value, which, according to the testimony it was agreed that the defendant should pay to the plaintiffs was the transfer by the defendant to the plaintiffs of three equities covering an interest in the business, the profits of the business and interest in the patent to the big rotary tongs and participation in the profits of its manufacture. Section 580 of the Code of Civil Procedure, after setting forth the relief to which a plaintiff may be entitled in the event that the complaint is not answered, further provides: ''But in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issues.''

In the. case of *Zellner* v. *Wassman,* 184 Cal. 80 [193 Pac. 84], where a nonsuit was granted, based upon a contract that could not be enforced, the supreme court, in reversing the judgment of the trial court, thus states the law: ''While the contract cannot be enforced either in law or equity, we think that the plaintiff is nevertheless entitled to some relief under the pleadings and evidence offered in support thereof, and that as a consequence, the judgment of nonsuit was erroneous. There being but one form of civil action in this state, a plaintiff may recover if his complaint states any cause of action entitling the plaintiff to any relief at law or in equity. (*Hayden* v. *Collins,* 1 Cal. App. 259 [81 Pac. 1120].) It is not essential that a complaint state a cause of action for the relief which plaintiff ·seeks, provided the facts stated show some right of recovery, and a plaintiff cannot be thrown out of court merely because he may have misconceived the form of relief to which he is entitled.'' (Citing *Walsh* v. *McKeen,* 75 Cal. 519 [17 Pac. 673]; *Rogers* v. *Duhart,* 97 Cal. 500 [32 Pac. 570]; *Brown* v. *Anderson Cottonwood Irr. Dist.,* 183 Cal. 186 [190 Pac. 797].) Likewise, in *Nathan* v. *Dierssen,* 164 Cal. 607. [130 Pac. 12], in an action for recovery of rents, issues, and profits, where restitution of the premises was not sought, a judgment of restitution was awarded, the court said: ''The complaint contains every allegation necessary in an action of ejectment. It alleges ownership in plaintiff; that defendant wrongfully entered and dispossessed him, and that he still keeps him out of possession. No other averment was required.'' (Citing authorities.) ''There

was therefore a statement of every fact necessary to entitle the plaintiff to a judgment for possession of the premises, together with the facts essential to a demand for rents and profits. It is true that the complaint contained no prayer for the restitution of the premises. If the defendant had defaulted, judgment for such possession could not properly have been rendered, but when an answer has been filed and issues raised, the court may grant plaintiff any relief consistent with the case made by the complaint and embraced within the issues.'' (Citing a number of authorities.) An answer having been filed in the case at bar, the fact that the complaint alleges the value of the property obtained by the defendant without paying therefor, the value of the three equities which the defendant had agreed to transfer to the plaintiffs, and which he had not transferred, judgment in damages, based upon the complaint and the evidence showing the value of the property or consideration to be paid, could have been entered fixing damages suffered by the plaintiffs by reason of the failure of the defendant to comply with his promise or agreements.

In overlooking the question of damages the trial court, in granting a judgment of nonsuit, virtually placed the plaintiffs in a position where they are left absolutely remediless for all the wrongs suffered by them through the failure of the defendant to comply with his agreement. That wrong consists in there being transferred from the plaintiffs to the defendant, real property of the value of $10,000, or thereabouts, without consideration. In considering the evidence in this case, all of which is along the line of excerpts which we have set forth in this opinion, it was the duty of the trial court, upon a motion for nonsuit, to view it in the light of every favorable presumption fairly arising therefrom or inference that might arise therefrom to support the plaintiffs' right to relief. Thus, the testimony showing that property worth $10,000 had been transferred by the plaintiffs to the defendant without consideration being paid therefor, the inference, if not necessarily, at least very fairly, and we may say strongly arises that the plaintiffs have suffered damages in just that sum. The rules in relation to inferences and as to how testimony should be viewed upon a motion for nonsuit is set forth in

the following excerpts which we take from the case of *Berger* v. *Lane*, 190 Cal. 443 [213 Pac. 45] : "Every favorable inference fairly deducible, and every favorable presumption fairly arising from the evidence adduced must be considered as facts proved in favor of the plaintiffs. Where evidence is fairly susceptible of two constructions, or if one of several inferences may be reasonably made, the court must take the view most favorable to the plaintiffs. If contradictory evidence has been given, it must be disregarded. (*Estate of Arnold*, 147 Cal. 583 [82 Pac. 252].) The plaintiff must also be given the benefit of every piece of evidence which tends to sustain his averments, and such evidence must be weighed in the light most favorable to the plaintiff's claim. . . . The evidence must be taken most strongly against the defendant, and if the plaintiff has introduced sufficient to make out a *prima facie* case under the allegations of his complaint, the motion, if made upon the close of the case, should be denied." (Citing a number of authorities.) Other California cases might be cited supporting this rule, but it is too firmly established to require further citation.

 Our attention is also called to the fact that the nonsuit in this case was granted partly upon grounds not stated in the motion, and the ruling of the court in this particular is presented to us as an additional reason for ordering a new trial herein. The order granting the nonsuit was based upon two grounds, as we have stated, to wit: first, that no fraudulent representations were shown; second, that cancellation of a deed could not be had for subsequent failure of consideration. The first ground herein stated was not included in the motion and should not have been considered by the court. In *Moore* v. *Moffatt*, 188 Cal. 1 [204 Pac. 220], in considering the question of granting a motion for nonsuit on grounds not stated, the court held as follows: "It was a defect in the plaintiff's case which might have been remedied had attention been called to it by the motion for nonsuit, and, inasmuch as it was not made a ground for the motion for a nonsuit, it could not, upon that motion, be considered by the trial court, nor can it, for the same reason, be considered by this court in determining the merits of the motion." A large number

of cases supporting this statement are set forth on page 5 of the opinion in the case from which we are quoting. The law on this subject is well stated in 9 California Jurisprudence, 548, section 33: "It is therefore settled law that a motion for a nonsuit must point the attention of the court and counsel to the precise grounds upon which it is made." (Citing, in footnotes, a large number of cases.) For the reasons which we have heretofore stated, however, we do not need to inquire whether this error of the court was of such a prejudicial character as to necessitate a reversal of the judgment, as the cause must go back for retrial for other reasons, and as the alleged failure of proof to support rescission or cancellation on the charge of fraudulent misrepresentations, as not presented to the trial court, and therefore cannot be presented here, in support of the order granting the motion for nonsuit, we will not consider that subject, further than to state that an examination of the complaint discloses apparent defects that should be remedied by proper amendments in order to properly tender the issue of fraud, and the omissions in the evidence may doubtless be supplied by proper inquiry of the different witnesses. The essential averments alleging fraud that should be in the complaint, and which are wanting here, are fully set forth in 12 California Jurisprudence, 806, section 64, and the authorities there cited, and also in the recent case of *Towels* v. *Campbell*, 204 Ky. 591 [50 A. L. R. 175, 264 S. W. 1107].

While agreeing with the trial court that the case of *Lawrence* v. *Gayetty, supra,* and the subsequent cases following the same rule, establish the law in this state that rescission of a deed to real estate cannot be had on account of the subsequent failure of the grantee to comply with his agreements, we are nevertheless of the opinion that upon the case-made, as presented by the transcript, the trial court should have followed all of the holding had in the Lawrence-Gayetty case, and directed an amendment of the complaint, and then proceeded to award the plaintiffs the relief to which the evidence showed them to be entitled.

The judgment is reversed, and the trial court is hereby directed to allow the plaintiffs to amend their complaint, if so advised, so as to present all the issues which may be

properly tendered and tried in this case to the intent that the plaintiffs may be awarded such relief as may be consonant with equity and justice.

Hart, J., and Finch, P. J., concurred.