[L. A. No. 12058. In Bank.—April 27, 1931.]

C. D. LAVELY, Respondent, v. VERDA NONEMAKER, Appellant.

Henry St. Rayner and George B. Ross for Appellant.

L. G. Hayford and Earle K. Stanton for Respondent.

WASTE, C. J.—This is an appeal by the defendant from a judgment setting aside and canceling a deed to certain real property and decreeing that plaintiff is the owner of an undivided one-half interest therein.

The plaintiff and defendant are father and daughter, respectively, and each is the owner of an undivided one-half interest in the property. In a complaint containing two counts, one grounded in fraud and the other averring undue influence, the plaintiff, a man well along in years, alleges that while he was in a weak and infirm condition and suffering from shaking palsy, he was induced to transfer and convey to the defendant his undivided one-half interest in certain real property situate in the

county of Riverside, solely in consideration of and in reliance upon defendant's oral promises and representations that she would properly care for him in her home for the remainder of his natural life. It is then alleged that defendant entered into the oral agreement with the fraudulent intent and purpose of obtaining title to the property and without any intention of performing her promise, which she has since breached. By way of a second cause of action plaintiff avers that he executed the deed without independent advice and counsel, and while laboring under the influence of the grantee.

The trial court found the allegations of fraud and undue influence to be untrue, but that prior to the execution of the deed the parties had entered into the oral agreement alleged, the defendant's husband acting as her agent and making the representations as to caring for the plaintiff; that the agreement has been breached; that there was no consideration for plaintiff's conveyance of his interest in the property; and that there had been no valid delivery of the deed. Upon these findings the court concluded that plaintiff's deed should be canceled and a reconveyance made to him of an undivided one-half interest in the property. Judgment was entered accordingly, and defendant appeals.

At the conclusion of the trial, and prior to signing and filing its findings of fact and conclusions of law, the court below permitted the plaintiff to amend his complaint to "conform to the proof", the complaint as amended alleging, among other things, nondelivery of the deed. Upon her motions in the court below to reopen the case, to strike certain testimony from the record, and for a new trial, the defendant urged, and again upon this appeal she argues, that the amendment set up a new and different cause of action, and one not within the issues made by the pleadings as originally filed, and that it was therefore error for the court below to allow the same.

There being no finding that the deed was procured either by reason of the fraud or undue influence of the defendant or her husband acting as her agent, we need not further concern ourselves with that phase of the case. Nor do we find it necessary to address ourselves at any great length to the finding that the deed running from the plaintiff to the defendant is unsupported by a consideration. ■

It is settled that a deed without fraud in its inception conveys the title, and is not void for any failure of consideration, either in whole or in part. (*Tillaux* v. *Tillaux,* 115 Cal. 663, 667, 668 [47 Pac. 691].) Acts done subsequent to the execution and delivery of a deed cannot affect its integrity, and a subsequent failure of consideration or breach of a personal covenant not amounting to a condition, will not avoid the deed, if there was no fraud or false representation. (*Lawrence* v. *Gayetty,* 78 Cal. 126 [12 Am. St. Rep. 29, 20 Pac. 382] ; *Duckworth* v. *Watsonville Water etc. Co.,* 170 Cal. 425, 434 [150 Pac. 58] ; *Masero* v. *Bessolo,* 87 Cal. App. 262, 271 [262 Pac. 61].) Section 1689 of the Civil Code providing for the rescission of contracts for failure of consideration is without application to an executed conveyance, such as we have here, where actual performance by the grantee is not required as a condition. (*Lawrence* v. *Gayetty, supra.*)

Of course, the circumstances of any particular case may be such as to warrant the conclusion that what purports to be a mere personal covenant is, in fact, and was intended by the parties to be a condition subsequent upon the happening of which the grantee is to be divested of his estate. Such a case is that of *Downing* v. *Rademacher,* 133 Cal. 220 [85 Am. St. Rep. 160, 65 Pac. 385], wherein the grant was executed in consideration of the grantee's promise, evidenced by a contemporaneous *written* agreement, to work the mine transferred and to deliver to the grantor one-third of the proceeds received therefrom. In concluding that the rule announced in *Lawrence* v. *Gayetty, supra,* was without application to such a set of facts, the decision declares: "The deed and the agreement constitute one instrument and must be read as though each referred to the other and expressly incorporated its terms. . . . Here the consideration for the deed was a proportionate share of the proceeds of the mine, which, of course, could not be determined until the mine had been worked out. This fact alone is sufficient to show that the grant of the mine was conditional."

 The circumstances of the case at bar are not such as to take it out of the general rule. Neither the deed nor the asserted *oral* agreement either expressly or impliedly refers to the defendant's promise to care for the

plaintiff as a condition affecting the validity of the deed, and the trial court has not found that it is such a condition. True, such promise constituted the sole and only consideration for the transfer, but in this particular the situation is not unlike that where a conveyance is made solely in reliance upon the grantee's written promise to pay an agreed purchase price, or to subsequently render certain legal services, the breach of each of which promises it has been held gives rise only to an action for damages. (*Lawrence* v. *Gayetty, supra; Hartman* v. *Reed,* 50 Cal. 485.) The case of *Schott* v. *Schott,* 168 Cal. 342, 345, 346 [143 Pac. 595], presented a state of facts somewhat similar to those involved in this case. It is therein declared, in substance, that where the grantor accepts the verbal promise of the grantee for support without any agreement or understanding that the failure to do the acts as promised should be a condition, or in any way affect the validity of the deed, or entitle him to a reconveyance, in the absence of fraud, the grantor has no right to rescind or to have the deed set aside, but his only remedy for breach of the grantee's personal covenant is an action for damages. The following, appearing in *James* v. *James,* 80 Cal. App. 185, 197 [251 Pac. 666, 671], is pertinent: "In the case at bar, there was no condition expressed in the instrument, and, in law, it was not delivered conditionally. There was at best only an oral promise on the part of the grantee of something to be done by her at a subsequent time. . . . Hence, if an instrument is delivered to the grantee as the present deed of the grantor it becomes freed from any condition not expressed in the deed itself, and operates by vesting title immediately without any reference to the performance of the conditions, although such result may be contrary to the express stipulation of the parties. Apart from the elementary rule interdicting the modification or varying of the vital terms of a writing by parol, any attempt to restrict or enlarge the scope or effect of an instrument transferring real property by an oral stipulation is prohibited by the statute of frauds. Hence, whether a deed, when delivered, shall take effect absolutely, or upon the performance of some condition not expressed therein, cannot be determined by parol evidence. Any condition qualifying

the delivery must be inserted in the deed itself, or else the deed must not be delivered to the grantee.''

Conditions subsequent are not favored, for they tend to destroy estates. (*White* v. *Hendley,* 35 Cal. App. 267, 271 [169 Pac. 710].) While defendant's promise to care for her father was the sole and only consideration for the conveyance to her, we cannot say on the record now before us that the faithful performance of such promise is or was intended by the parties to be a condition subsequent, upon the breach of which there should be a failure of defendant's title. On the contrary, such promise constituted but a personal covenant, the breach of which gives rise only to a cause of action for damages. To hold that a vendor of real property could, for a failure to pay the purchase money or other consideration, repudiate his deed and recover the land, would render real estate titles dangerously uncertain, and would result in the most serious consequences. (*Lawrence* v. *Gayetty, supra.*)

This brings us to a consideration of the contention that it was error for the court below to permit the plaintiff, at the conclusion of the trial, to amend his complaint and allege nondelivery of the deed. █ It is a fundamental principle of pleading that ''a plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other which may be developed by the proofs''. (*Schirmer* v. *Drexler,* 134 Cal. 134, 139 [66 Pac. 180] ; *Brown* v. *Sweet,* 95 Cal. App. 117, 125 [272 Pac. 614].) Courts are, and should be, liberal, however, in the allowance of amendments in order that pleadings may conform to the proofs. The doctrine of variance and the penalties to follow when it appears has been greatly mitigated in this state by the provisions of our code. (*Murnane* v. *Le Mesnager,* 207 Cal. 485, 496 [279 Pac. 800] ; *Rosemead Co.* v. *Shipley Co.,* 207 Cal. 414, 420 [278 Pac. 1038] ; *Mays* v. *Wann,* 96 Cal. App. 760, 764 [274 Pac. 1020].) But amendments of pleadings to conform to the proofs should not be allowed when they raise new issues not included in the original pleadings and upon which the adverse party had no opportunity to defend. (*Rosemead Co.* v. *Shipley Co., supra; Bank of United States* v. *Foreman,* 102 Cal. App. 756, 764 [283 Pac. 874].) For this latter reason alone we

believe the amendment here complained of should not have been allowed.

■ The pleadings upon which this cause was tried raised no issue as to the delivery of the deed. On the contrary, as originally filed, the complaint contained several averments of "delivery" of the deed by plaintiff. At the commencement of the trial, counsel stipulated in open court that there had been a delivery of the deed. In this state of the record, it was only natural that both sides should refrain, as they did, from introducing any evidence having to do with the delivery of the instrument, and should confine their proof to the issues of fraud and undue influence—the issues made by the pleadings. However, while plaintiff was on the stand, and in response to a question propounded to him by the court concerning the circumstances surrounding the execution of the deed, he testified that he had signed the deed when it was presented to him by his son-in-law, and that the latter then placed it in his pocket and left. The record shows: "The Court: What was said after you signed the deed? A. Nothing at all. He just took the deed and put it in his pocket and went out to his lunch. The Court: Did you hand the deed to him? A. I signed it and he reached for it and got it and stuck it in his pocket. The Court: Did you say anything to him when he reached over and got it? A. No, and he said he would take care of me. He said 'I will see that you are taken care of and have a good home.'"

This meager evidence, brought out only casually and in response to questions directed to the circumstances surrounding the execution of the instrument and not directed to any issue of delivery, which issue was not then in the case, serves as the sole and only foundation of the trial court's ruling permitting the amendment of the complaint and of its subsequent finding of nondelivery. In view of the original pleadings in the case and the stipulation at the beginning of the trial, that the deed had been delivered, it may well be said that the defendant was materially prejudiced by the very substantial amendment purporting to conform the complaint to the proofs. The record fails to disclose that defendant was given an opportunity, either upon the trial of the cause or at any subsequent time, to meet or rebut this new issue aimed at the validity of the

deed under which she claimed title. Defendant's motion for new trial specifying, among other things, that under the circumstances it was error to allow such an amendment after the evidence had been closed, and asserting "surprise which ordinary prudence could not have guarded against", should have been granted, in order that she might be afforded the opportunity to meet this new issue so unconsciously injected into the case by the queries of the court. As further evidencing the prejudice resulting to the defendant by the court's allowance of the amendment, the foregoing quoted evidence, which undoubtedly constituted the basis for the trial court's conclusion of nondelivery, is wholly insufficient for that purpose, for it merely shows that the grantor failed to actually hand over the deed after signing it. It is well settled that actual manual tradition or change of possession of a deed is not required to give it validity (Civ. Code, sec. 1059), but that delivery is primarily a question of the intention of the grantor. No particular form of delivery is necessary to give effect to a deed; any words or acts which manifest an intention on the part of the grantor that the deed shall be considered as completely executed and title conveyed are sufficient. (*McCully* v. *McArthur*, 187 Cal. 194, 198 [201 Pac. 323]; *Bias* v. *Reed*, 169 Cal. 33, 44 [145 Pac. 516].) The record now before us demonstrates beyond all doubt that when the plaintiff signed the deed and permitted the defendant's husband to take it for her, he intended to place the instrument beyond his power of recall and to vest title immediately in the grantee therein named. Moreover, the grantee's subsequent and uninterrupted possession of the instrument gives rise to a presumption of delivery, which presumption is materially aided by the grantor's failure to object to the taking of the instrument by the grantee's husband, or to her subsequent retention of it. Following the execution of the deed, and apparently under the terms of the asserted oral agreement above considered, the grantor lived with the grantee for a period of two months, more or less, during which period he offered no objection to her possession of the deed.

While we are reluctant to reverse the judgment, it is apparent from what has already been said that we have no other alternative on the record now before us. It is

unnecessary that we consider any of the other contentions made by the appellant.

The judgment is reversed.

Richards, J., Shenk, J., Preston, J., and Langdon, J., concurred.