[Civ. No. 8148.   First Appellate District, Division Two.—December 21, 1931.]

THOMAS SINTZEL et al., Respondents, v. E. S. WAGNER, et al., Appellants.

Lewis & Lehman for Appellants.

Samuel J. Crawford for Respondents.

WARD, J., *pro tem.*—The first complaint filed in this action was in equity for a rescission of a contract. Upon issue raised by answer, a trial was had and the cause submitted for decision. Subsequently the court ordered plaintiffs to amend the complaint. Plaintiffs filed an amended complaint praying for damages upon a breach of contract alleging that defendants induced plaintiffs to purchase a lot with fruit-trees thereon and that defendants agreed to care for the property for three years by irrigation, cultivation, etc. The amended answer set out the copy of the contract, denied that any contract to care for the trees was part of the consideration for the sale of the lot, and that the only agreement for the care of the trees was embraced in a subsequent contract. The court found that the representations as to care of the trees were made for the purpose of inducing plaintiffs to execute the contract of purchase; that defendants failed to irrigate, cultivate, etc., and fixed damages.

In an action where the complaint asks for rescission and for such other relief as may be equitable and just if the court should conclude that rescission cannot be had, an amended complaint may be filed presenting the question of damages for breach of contract. (*Masero* v. *Bessolo*, 87 Cal. App. 262 [262 Pac. 61], and *Lawrence* v. *Gayetty*, 78 Cal. 126 [12 Am. St. Rep. 29, 20 Pac. 382].)

In the original complaint in this action there are allegations sufficient to warrant a judgment for damages, but plaintiffs demanded rescission and prayed for "other and further relief as may be just and necessary". When the answer was filed and the issues raised, the court had the right to grant any relief consistent with the pleadings or to order or permit the pleadings to be amended so as to

fully present the real question involved. (*Masero* v. *Bessolo, supra.*)

■ Subsequent to the execution of the contract of purchase the grantors in a written instrument agreed to care for the trees for a period of three years. This was in accordance with the understanding reached by the sellers or their agents and the buyers prior to the execution of the agreement to purchase. This was simply reducing to writing one of the considerations for purchase which was not made a part of the original agreement. There would be no purpose in agreeing to care for the trees unless made as an inducement to purchase. The contracts were not made upon the same date, but the second only modified and did not supersede the first. It simply added the offer made before the first contract was executed that the sellers would care for the trees for a specified period. It did not diminish, contradict, change or alter the terms of the original purchase. The two contracts are related and connected and deal with the same subject matter. It was one transaction, the two contracts may be considered together (*Merkeley* v. *Fisk,* 179 Cal. 748 [178 Pac. 945]; *Spotton* v. *Dyer,* 42 Cal. App. 588 [184 Pac. 23]; sec. 1642, Civ. Code), and, therefore, the court did not err in receiving the second agreement in evidence.

■ The findings and judgment are in accord with the provisions of section 3300 of the Civil Code. The rule of damages in this case is the difference in the value of the lot with the trees on it, in the condition in which they were as testified to by the witnesses, and the value of the lot had the defendant properly cared for the trees. In other words, it would be the difference in the value of the land with the trees and the value of the land without the trees. The evidence proved that the trees were dead or worthless and that it would cost. $950 to replace them. If so, then the land would be worth $950 less in value if it had no trees on it. This is the amount which the court found would compensate the plaintiffs for the detriment proximately caused.

Judgment affirmed.

Spence, Acting P. J., and Sturtevant, J., concurred.