[S. F. No. 16027.   In Bank.—January 22, 1940.]

CALIFORNIA WESTERN STATES LIFE INSURANCE COMPANY (a Corporation), Respondent, v. PHYLLIS DeYOUNG TUCKER, Appellant.

Garret W. McEnerney and Andrew F. Burke for Appellant.

Williamson & Wallace, Ware & Ware, Downey, Brand & Seymour, McCutchen, Olney, Mannon & Greene, Stephen W. Downey and James D. Adams for Respondent.

Neil Cunningham and George N. Downer, as *Amici Curiae*, on Behalf of Respondent.

CARTER, J.—This is a companion case to *American Trust Co.* v. *California Western States Life Insurance Co.*, S. F. No. 15797 (*ante*, p. 42 [98 Pac. (2d) 497]), this day decided. The factual background and basic legal issues involved in the instant case have been fully reviewed in the opinion in the American Trust Company case, and need not be repeated here. We shall, however, mention briefly two defenses made by defendant herein which were not discussed in the former opinion.

The first is that the contracts under which California-Western was obligated to take back the stock originally issued to the four large stockholders were not in fact repurchase agreements. The theory is advanced that the appellants sold their Western stock for $70 per share; they were paid $40 cash, and were to receive $30 later, as a deferred payment; the California-Western stock was given them in pledge, to secure the deferred payment; and the so-called repurchase by California-Western was merely a redemption of the pledged stock by payment of the debt. The difficulty with this theory is that it is contrary to all the evidence and the findings. The contracts, drafted by able counsel representing experienced business men, speak of repurchase and make no mention of a plegde; all the parties who participated in the negotiations referred to them as repurchase contracts; and there is no testimony whatsoever to support the interpretation sought to be placed upon the documents in flat contradiction of their express terms. With the record in

this state, the findings of the trial court against this theory are conclusive.

The other objection is that the form of the action in the instant case is improper, in that the suit was for money had and received, instead of for damages. This contention is plainly without merit. The form of the action is immaterial, if a cause of action is actually stated; the doctrine of "theory of the pleading" has long been repudiated in this state. (See *Von Schrader* v. *Milton,* 96 Cal. App. 192 [273 Pac. 1074] ; *Masero* v. *Bessolo,* 87 Cal. App. 262 [262 Pac. 61] ; *Feig* v. *Bank of Italy Nat. T. & S. Assn.,* 218 Cal. 54 [21 Pac. (2d) 421] ; *Pascoe* v. *Morrison,* 219 Cal. 54 [25 Pac. (2d) 9] ; 22 Cal. L. Rev. 208; 1 So. Cal. L. Rev. 369; see, also, as to propriety of pleading on a common count, *Long* v. *Harrison,* 113 Cal. App.321 [298 Pac. 148]). And the cancellation of the promissory notes is a logical and necessary consequence of the holding that the partial payment should be recovered and the stock returned.

For the reasons stated in the opinion in *American Trust Co.* v. *California Western States Life Insurance Co., supra,* the judgment of the trial court herein is affirmed.

Gibson, J., Shenk, J., Curtis, J., Goodell, J., *pro tem.,* Edmonds, J., and Waste, C. J., concurred.