### ANDREW KELLY *vs.* WARREN BRAGG.

### Penobscot.   Opinion June 2, 1884.

*Pleadings.   Amendment.   Practice.*

The declaration set out: "In a plea of trespass, for that the said Bragg at
Bangor, aforesaid, on the first day of June, A. D. 1882, with force and arms,
by means of certain inanimate objects, to wit, certain shade trees, broke and
entered plaintiff's close, situated  .   .   . and having so entered, (to wit: by
setting certain trees in his own land and allowing them to grow over and
project upon the land of the plaintiff above described,) shaded and obstructed
plaintiff's windows, injured the roof of his house, causing it to decay, and
other wrongs  .   .   . greatly incumber the said close, and prevented the
plaintiff from having the use thereof in so ample a manner as he otherwise
would have done." *Held,* that the action in the form of trespass *quare
clausum* is not maintainable upon the facts averred.

Where the facts of the case are stated in the declaration, the court at *nisi prius* has the power to allow an amendment, by adding a new count for the same cause even after the plaintiff has closed his case and the defendant moved for a nonsuit.

ON EXCEPTIONS.

Trespass *quare clausum.* The verdict was for the plaintiff for ten dollars, and the defendant alleged exceptions to the allowance of an amendment, as fully stated in the opinion.

The exceptions further alleged :

"The court among other things, instructed the jury, that this is an action of trespass for breaking and entering plaintiff's close ; that there is a further count for allowing trees to grow so as to overhang the soil of the plaintiff, his house and lot adjoining, for which he seeks compensation. And that if the defendant planted the trees and allowed them to grow, and they injured the plaintiff's land, or injured his house by moisture and decay, and loss was occasioned thereby, an action *quare clausum* may be maintained for it. That there is another question—the defendant does not own the land, that it is owned by his wife, and the question is, is the action maintainable against him ? That for purposes of this trial the court instructed the jury, that although the defendant was not the owner of the premises, yet if he was occupying them, controlling the land, planting trees, and continuing the trees on the land by his will, planting, trimming, and doing as he chose, for the purposes of this action, he may be considered responsible, it being for his own acts. The jury rendered a general verdict for plaintiff. To the allowance of said amendment, and to all of said rulings and instructions, the said defendant excepts, and prays that his exceptions may be allowed."

*Barker, Vose and Barker*, for the plaintiff.

*Charles Hamlin and A. L. Simpson*, for the defendant.

LIBBEY, J. When the plaintiff introduced his evidence and stopped, the defendant moved for a nonsuit on the ground that the evidence did not sustain the action in the form of trespass *quare clausum.* Thereupon the plaintiff, against the defendant's objection, had leave to file a new count in case.

. We are of opinion that the facts do not support the action in the form of trespass *quare clausum*, and it remains to determine whether the amendment was legally allowable. We think it was.

The original declaration alleged all the facts, and contained the technical allegation of breaking and entering. But it is clear that the particular facts of the case, set out in detail, do not support the allegation of breaking and entering.

It was an appropriate declaration in case, leaving out that allegation, and stated fully the plaintiff's "own case." In fact, the new count, in its averment of facts is the same as the original count. By the original declaration the defendant could not have failed to understand the case. The amendment did not require a change in his plea, nor did it in any way change his defence so far as the merits of the case were concerned. The modern tendency of courts is to great liberality in the allowance of amendments. When the court has jurisdiction of the parties and of the case, it should have and exercise the power to allow amendments of the pleadings, in the furtherance of justice, so that the case may be tried on its real merits. Our conclusion is sustained by *Rand* v. *Webber*, 64 Maine, 191 ; and by the recent case, *Matthews* v. *Treat*, 75 Maine, 594.

In the other rulings excepted to we can see no error.

*Plaintiff's motion and defendant's exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH and EMERY, JJ., concurred.