WACZON WAICZENKO, Administrator,

*vs.*

OXFORD PAPER COMPANY.

Androscoggin.    Opinion November 4, 1909.

*Writs.    Amendment.    Master and Servant.    Verdict.*

Where a plaintiff was allowed to amend his declaration after the commence-
ment of the trial and also to further amend the same after the evidence
was introduced on both sides, *held*, that the amendments were within the
discretion of the presiding Justice.

Where the plaintiff's intestate was called into the defendant's "wash room"
to assist in moving the nozzle of a blow pipe which conveyed hot pulp
and which was ordinarily moved by a rope attached thereto but which had
become clogged so that it could not readily be moved by use of the rope
and the plaintiff's intestate was attempting to turn the nozzle by pushing
the same and it suddenly discharged its contents and became light and
gave way under the force the plaintiff's intestate was applying to it and he
was precipitated into a vat and scalded and burned so that he died a week
later, *held*, that even if the authority which was given to the foreman of
the "wash room" to call men from other rooms to assist in moving the
nozzle was limited to the pulling by them on the rope, yet it must be
brought to the knowledge of the servant to afford the defendant the
benefit of the limitation.

Where in an action on the case brought to recover damages sustained by the plaintiff's intestate who was injured while in the defendant's employ so that he afterwards died, and the verdict was for the plaintiff and for $1050, *held*, that the verdict should not be disturbed.

On motion and exceptions by defendant.    Overruled.

Action on the case brought by the plaintiff as administrator of the estate of John Waiczenko, deceased intestate, to recover damages for personal injuries sustained by the decedent while in the employ of the defendant, and caused by the alleged negligence of the defendant, and which resulted in his death.    Plea, the general issue. Verdict for plaintiff and for $1050.

"At the commencement of the trial, the plaintiff, against the objection of the defendant was allowed to add" certain specifications "as an amendment to his declaration," and "after the evidence was introduced on both sides the plaintiff, against the objection of the defendant," was allowed to further amend his declaration.    To the rulings allowing these amendments and also to certain other rulings, the defendant excepted.    The defendant also filed a general motion for a new trial.

The case is stated in the opinion.

*McGillicuddy & Morey*, for plaintiff.

*Oakes, Pulsifer & Ludden*, for defendant.

SITTING :    EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, BIRD, JJ.

PEABODY, J.    This was an action on the case brought by the administrator of John Waiczenko, deceased intestate, to recover damages for injuries received by the intestate while employed by the defendant company through its negligence.

The verdict was for the plaintiff and was $1050.

It is before the Law Court on the defendant's general motion for a new trial and on exceptions to the ruling of the presiding Justice.

The specific cause of action set out in the plaintiff's writ is in substance that on the third day of March, 1907, the defendant was the owner of a mill in Rumford Falls in Oxford County, used for the manufacturing of pulp and paper, in which were certain machinery and appliances, among which were four large wooden

tanks or vats about twenty feet in depth and ten feet in diameter set close to each other, projecting about three feet above the floor of one of the rooms called the "wash room," covering the space between the vats on a level with the tops, was a metal platform without railings, and between the vats above them and the platform was a rotary metal blow pipe about three feet in diameter with the nozzle curved in such a way as to empty its contents, consisting of hot pulp, into each of the vats. The nozzle of the pipe was ordinarily moved by a rope attached and pulled by men from the floor of the room.

John Waiczenko, the deceased, who was employed in a room known as the "leach room," was inexperienced in operating the pipe and was without knowledge that the contents of the vats were hot, and was not informed of the risks and dangers of moving the pipe; the pipe was clogged so that it could not be readily turned or moved by use of the rope and had to be moved on the platform by the employees pushing it when in operation, conveying the hot pulp and discharging it into the vats. While obeying the direction of his superior in charge of the wash room, the deceased was attempting to turn the nozzle by pushing it on the platform, when it suddenly discharged its contents and it became light, and the force he was applying was such that it gave way and he was precipitated into one of the vats and was burned and scalded by the hot pulp and water, suffering great pain in body and mind for one week when he died as a result of his injuries. He incurred certain expenses for medicine, medical attendance and nursing. He was given no instruction or information how to operate or turn the pipe, nor any warning as to the dangers and hazards incident to the work. He was in the exercise of due care and his injuries were caused by no fault on his part, but solely through the negligence of the defendant.

Two questions are raised by the exceptions to the ruling of the Justice, viz:

1. Allowing the amendments to the writ. We think it was clearly within the discretion of the court.

2.    Ruling that even if the authority which was given to the foreman of the wash room to call men from other rooms to assist, was limited to the pulling by them on the rope, it must be brought to the knowledge of the servant to afford the defendant the benefit of the limitation.    This ruling and the refusal of the Justice to modify it are sustained by the authorities.    *Bryant* v. *Moore*, 26 Maine, 84 :  26 Cyc. 1163.

The relation of master and servant at the time of the accident is not denied; but the defendant contends that the representative of the deceased servant is not entitled to recover because it is not shown that the deceased was, at the time the injuries were received, in the exercise of reasonable care, and because the risk of the dangers of the place was assumed by him as incident to the work he was doing.

The place to which he was ordered was obviously dangerous by reason of the small size of the platform, its generally slippery condition and open vats with their contents being immediately underneath ;  but if the servant after an opportunity to observe and appreciate the conditions, consented to do what was requested, he assumed in law the risk, or if he was under the circumstances negligent in his acts of moving the pipe by pushing or kicking it, the defendant would not be liable.

It is shown that it was a custom to borrow men from the various rooms, if desired, to assist in moving the blow pipe.

Waiczenko was about nineteen years old  and could not speak English.    By the weight of evidence it appears that he worked but two nights in the particular employment which gave occasion for him to assist in the work of moving the pipe in the wash room. McGinnis, under whom he was working in the leach room from which he had been called, had never given him instructions with reference to the pipe or as to risks and dangers in moving it.    His testimony shows that he had seen the pipe discharge its load of pulp suddenly, and lighten quickly, and had seen the men trying to move it when clogged ;  that it was moved by them by pushing with their feet and pulling on a rope.

Uselis, who worked in the leach room, testifies that the deceased had been working two nights before the injury, and that he had not

before that night been called into the "wash room;" that he had also seen the pipe discharge its contents suddenly many times; that as he got into the wash room he saw the boss of the room motion him to go upon the platform; that he placed his foot on the pipe and pushed; the contents were discharged and Waiczenko fell into the tank.

The Superintendent of the mill states that the place on the platform where they pulled around the pipe was unsafe for men to work on not used to the conditions, and would not be safe without a hand hold which they might have on an overhead bar by approaching from one side, but not on the other; that it was customary for the men to approach from either way.

The jury were fully instructed and the conclusion reached by them must have been that the conditions of the place and the nature of the work done were dangerous, and were not such risks as he would by law be presumed to assume. We think it was justified by the evidence. The servant was acting in obedience to the order of the defendant's foreman in charge of the room, indicated by motioning and by accompanying acts, and he had a right to rely upon the judgment of his superior. *Jensen* v. *Kyer*, 101 Maine, 106.

The question of contributory negligence is involved somewhat in the want of evidence to show precisely how the accident happened, but the jury may have properly found that the platform was slippery and that the pipe moved suddenly at the instant the servant pushed or was in the act of pushing with his foot, the irregularity not being purely accidental but of usual occurrence.

It remains to consider whether the servant's injury was solely the result of the defendant's negligence.

The place was dangerous to one unfamiliar with it. The plaintiff's intestate, when called to assist, was not specially informed by the master of the conditions which made it dangerous so as to give him an opportunity to decide whether he would assume the risks incident to the place and work.

It might be negligence either in not doing what was practical and what persons of ordinary caution and prudence would have done to render it reasonably safe, or in not notifying the servant of the

dangers of which he was unaware.   The jury would be justified in finding from the evidence that neither of these duties was fulfilled by the defendant toward the plaintiff's intestate.   It was a question for them to decide and we should not disturb the verdict.

*Exceptions overruled.*

*Motion overruled.*