[Civ. No. 42011. Second Dist., Div. One. Jan. 23, 1974.]

ELIZABETH MARQUIS et al., Plaintiffs and Appellants, v. STATE MUTUAL SAVINGS AND LOAN ASSOCIATION, Defendant and Respondent.

**COUNSEL**

G. Harold Janeway for Plaintiffs and Appellants.

O'Melveny & Meyers, Bennett W. Priest and Richard G. Berg and Louis T. La Tourrette for Defendant and Respondent.

**OPINION**

**HANSON, J.—**

HISTORY

The chronology of events which led up to and precipitated the litigation at bench is as follows:

On June 5, 1945, Laura A. Jones (hereinafter Jones), a resident of Los Angeles, who had previously (in 1936) opened a savings account with defendant-respondent State Mutual Savings and Loan Association (hereinafter Savings and Loan Assoc.), received, along with her new passbook, a document entitled "Accumulative Investment Certificate No. 36285." The certificate was duly dated and signed by an authorized representative of defendant Savings and Loan Assoc. She (Jones) from time to time deposited various sums of money in her savings account.

On January 12, 1951, Jones died. The balance in her savings account with defendant Savings and Loan Assoc. at the time of her death was $3,090.68. Shortly thereafter an action entitled "In the Matter of the Estate of Laura A. Jones, Deceased," was filed in the Superior Court of Los Angeles County and was a matter of public record. Pursuant to her will, the estate was administered by Citizens National Trust and Savings

Bank of Los Angeles (now Crocker National Bank), named as executor of her will.

On February 20, 1952, by the court-approved decree of final distribution of the estate of Jones, plaintiffs-appellants Elizabeth Marquis (hereinafter Marquis) and Mildred Click (hereinafter Click) each obtained a 15/40th fraction interest in her (Jones') estate. During the pendency of the probate proceeding neither the decedent's executor nor her heirs were aware of the existence of the savings account and Investment Certificate No. 36285, and it was not inventoried in decedent's estate proceedings.

On August 12, 1954, the board of directors of defendant Savings and Loan Assoc. adopted a resolution calling for redemption of various outstanding Accumulative Investment Certificates, including that of the deceased Jones (Certificate No. 36285), effective as of October 1, 1954.

On August 23, 1954, pursuant to the resolution, defendant Savings and Loan Assoc. addressed and mailed a letter to Jones at her Los Angeles address, according to its records. The letter referred to the resolution, fixed the date for redemption as of October 1, 1954 and stated that interest on the certificate would cease on that date. The letter was returned to defendant Savings and Loan Assoc. by the postal officials with the notation upon its envelope, "Deceased." Defendant Savings and Loan Assoc. took no action to verify her death or to ascertain or locate her executor, attorney or heirs. As of October 1, 1954, the accumulated balance in the account was $3,483.69.

In October of 1968, approximately 17 years after the death of Jones, Marquis and Click became aware of the existence of Accumulative Investment Certificate No. 36285, and each made demand upon defendant Savings and Loan Assoc. for her proportionate share (15/40th) of principal and interest in the account, in accordance with the decree of final distribution of Jones' estate.

On March 21, 1969, defendant Savings and Loan Assoc. paid $1,306.39 to each of the plaintiffs Marquis and Click ($2,612.76 total), which included interest on Investment Certificate No. 36285 only to October 1, 1954. The total amount paid represented a 30/40th fraction of the credit balance of $3,483.69 upon Investment Certificate No. 36285 (principal and interest) as of October 1, 1954. Defendant Savings and Loan Assoc. refused to pay any interest upon the $3,090.68 (balance as of date of death of Jones) beyond the date of October 1, 1954.

## THE CASE

On June 2, 1969, plaintiffs-appellants Marquis and Click filed a complaint in the Los Angeles Municipal Court (case No. 598 492) naming Savings and Loan Assoc. as defendant. The complaint sought to recover from defendant Savings and Loan Assoc. additional interest allegedly due and owed to them from Investment Certificate No. 36285 as distributees of the estate of the deceased Jones.

On August 6, 1970, by stipulation of counsel and with court approval, the matter was transferred to the superior court (becoming superior court case No. 982 804), and the complaint was amended to include a declaratory relief cause of action, vesting jurisdiction in the superior court. The amended complaint alleged the salient facts set forth in the History, *supra,* and sought to recover plaintiffs' percentage of the interest accumulated on the October 1, 1954, balance (at the rate paid by defendant Savings and Loan Assoc. to regular savings accounts) until March of 1969 and 7 percent per annum for March 21, 1969, to date of judgment.

Defendant Savings and Loan Assoc.'s answer admitted the allegations in the complaints (as set forth in the History, *supra*) except it denied the amount of interest owed. An affirmative defense alleged that "the accumulative investment certificate held by this defendant in the name of Laura A. Jones was redeemed on August 12, 1954, effective October 1, 1954, pursuant to the terms of said investment certificate together with Sections 6563 through 6568 of the Financial Code of the State of California."

On April 10, 1972, jury was waived and the matter was submitted to the trial court for determination based on the pleadings; a stipulation that the facts as set forth in the History (*supra*) were true; the interrogatories propounded to defendant Savings and Loan Assoc. by plaintiffs and the answers thereto; defendant's Exhibit "A" (copy of Accumulative Investment Certificate No. 36285;[1] defendant's Exhibit "B" (copy of letter from

---

[1] "Defendant's Exhibit 'A'
 "Accumulative Investment Certificate
 Number 36285

 "STATE MUTUAL BUILDING AND LOAN ASSOCIATION
 Los Angeles, California
 Incorporated 1889

"THIS CERTIFIES that _____ hereinafter called the 'holder' is the owner and holder of this Accumulative Investment Certificate, issued with the passbook hereto attached by STATE MUTUAL BUILDING AND LOAN ASSOCIATION, hereinafter called the 'Association,' upon which the holder shall

defendant's secretary to its board of directors and the board president);[2] and defendant's Exhibit "C" (copy of letter dated August 23, 1954, to Miss Laura A. Jones at 2917 West 15th Street, Los Angeles, California, and

---

have the option of making payments at such times and in such amounts as the holder may elect and as the Association may permit.

"Subject to the terms hereof and to the provisions of Section 8.10 of the California Building and Loan Association Act, interest at such rate as shall be determined by the Board of Directors of the Association, as provided in said Section 8.10, shall be payable hereon on _____ and semi annually thereafter on payments received on this certificate, and if not withdrawn, such interest shall be compounded semi annually. On sums withdrawn between interest-paying dates, interest shall be paid to the last preceding interest-paying date only. All sums received hereon within the first ten days of any calendar month shall be deemed to have been received on the first day of such month, and otherwise on the first day of the next succeeding month.

"The right of the holder hereof to withdraw funds evidenced hereby is subject to the provisions of Article VI of the California Building and Loan Association Act and to the option of the Association to require six months' written notice of intention to withdraw, signed by the holder or by his attorney or agent. No interest shall be paid upon any sum withdrawn which shall have been received by the Association on account of this certificate within six months prior to such withdrawal. Upon any withdrawal, this certificate must be presented to the Association for notation of such withdrawal in the passbook attached hereto.

"This certificate is subject to redemption in whole or in part by the Association at any time after one year from date on thirty days' notice. In case of full redemption, upon the surrender of this certificate, properly endorsed for cancellation, or in case of partial redemption upon presentation of this certificate for notation of such partial redemption in the passbook attached hereto, on or after the date set forth in such notice of redemption, the Association will pay the holder the principal amount redeemed plus interest credited thereto and not withdrawn, plus interest at the rate last paid or credited, from the last interest-paying date to the date fixed for redemption.

"This certificate is subject to the terms and provisions of the California Building and Loan Association Act, and all subsequent amendments thereto, and the by laws of said Association, and is transferable only upon the books of the Association upon surrender hereof, properly endorsed, at the office of the Association.

"Issued at Los Angeles, California, the _____ day of _____, 19_____.

"STATE MUTUAL BUILDING AND LOAN ASSOCIATION

By_____
 President

By_____
 Assistant Secretary"

[2] "August 12, 1954

"To the Board of Directors of
 State Mutual Savings and Loan Association.

"Gentlemen:

"Because we have not been able to reach, by mail or otherwise, the holders of the accumulative investment certificates listed below for the purpose of getting them to exchange their old pen-and-ink-posted passbooks for new machine-posted passbooks, and because these accounts have been dormant for some time, I recommend that these

the envelope, postmarked the same date, which was returned to defendant Savings and Loan Assoc. with the notation, "Deceased").[3]

On July 12, 1972, the court found in favor of defendant Savings and Loan Assoc. and against plaintiffs Marquis and Click.

Plaintiffs appeal.

## THE STATUTES

The following pertinent and controlling statutes were in full force and effect at the time defendant Savings and Loan Assoc. mailed its notice of

---

certificates be called for redemption on October 1, 1954, with interest at the rate of 3¼ % a year from the last previous interest-paying date to the date of redemption.

[Thereafter are listed 28 separate accumulative investment certificate numbers, the names of the certificate holders and the principal amounts. The principal amounts for the individual listed certificate holders ranged from $1.14 to $8,150.83 for a total of $23,455.29. Certificate No. 36285 listed Laura A. Jones as holder and showed a principal amount of $3,455.60.]

"Yours very truly,
"[Sgd] J. C. McEwan
"Secretary.

"WHEREUPON, On motion duly made, seconded, and unanimously carried, the following resolution was adopted:

"RESOLVED, That the Association hereby elects to redeem, and hereby calls for redemption on October 1, 1954, with interest at the rate of 3¼ % a year from the last previous interest-paying date to said date of redemption, all the accumulative investment certificates listed in the secretary's letter of August 12, 1954; and

"BE IT FURTHER RESOLVED, That the holders of these certificates shall be notified in writing prior to August 31, 1954, that these certificates have been called for redemption on October 1, 1954, and that the interest on these certificates shall cease on October 1, 1954."

3

"Miss Laura A. Jones,
2917 West 15th Street,
Los Angeles, California.

"Dear Miss Jones:

"At a meeting of our board of directors held on August 12, 1954, a resolution was adopted calling for the redemption of your accumulative investment certificate No. 36285.

"Accordingly, this letter is formal notification to you of the Association's election and intention to redeem said certificate on October 1, 1954, the date fixed for redemption. On or after that date, upon surrender of the certificate properly endorsed for cancellation, we shall pay you the principal amount plus interest to October 1, 1954. Interest will cease on the date fixed for redemption.

"Yours very truly,

"STATE MUTUAL SAVINGS AND LOAN ASSOCIATION

"[Sgd] J. C. McEwan
"Secretary."

intended redemption letter to the deceased Jones on August 23, 1954, and are still operative.

California Financial Code section 6563 (hereinafter Section 6563) provides *in toto* as follows:

"§ 6563. All investment certificates issued after August 14, 1933, are subject to redemption, in whole or in part at the option of the association, by giving the holder at least 30 days' notice of such intended redemption. The notice of redemption shall expressly state that interest on such investment certificates ceases on the date fixed for redemption."

California Financial Code section 6568 (hereinafter Section 6568) provides *in toto* as follows:

"§ 6568. Interest, and all rights of the holder of investment certificates with respect to the amount called for redemption, except the right to receive the redemption price, cease after the date fixed for redemption if the notice of intended redemption is given as required by this article and if funds are available for the redemption on or after such date."

### CONTENTIONS

Plaintiffs contend that interest on the investment certificate did not terminate as of October 1, 1954. Their position is that once defendant Savings and Loan Assoc. received the return of its attempted mail notice indicating the depositor was "deceased," it had the obligation to use "reasonable" diligence "to ascertain the decedent's legal personal representative and advise accordingly" and that it is being "unjustly enriched," at the expense of its depositor, by its use of 14 years' normal interest.

Respondent Savings and Loan Assoc. asserts that it strictly complied with the provisions of Sections 6563 and 6568 relating to the redemption of investment certificates, having mailed notice of redemption to the last known address of the depositor pursuant to an appropriate corporate resolution, and therefore any right to receive interest ceased, and it is immunized from any liability for interest as of October 1, 1954.

### DISCUSSION

█ *Did defendant-respondent Savings and Loan Assoc. give proper "notice" of redemption to the "holder" in order to terminate interest on*

*Accumulative Investment Certificate No. 36285 as required by Sections 6563 and 6568?*

Section 6563 speaks of giving at least 30 days' "notice" of the intended redemption to the "holder" of investment certificates. Section 6568 states that once "notice" is given to the "holder" in compliance with Section 6563, no interest accrues after the redemption date. The nature of the required notice is not specified in Section 6568 or anywhere else in article IV chapter 7 of the Financial Code in which Section 6568 is included. We therefore must construe that reasonable "notice" is required.

We hold that in the case at bench, "notice" was not given within the spirit or letter of Sections 6563 and 6568 to effectively terminate interest under Investment Certificate No. 36285 as of October 1, 1954.

"Notice" is a keystone in our law. The purpose of giving "notice" is to inform or impart knowledge. The importance of having the knowledge is to be able to react to the knowledge imparted.

"Notice" is defined by code in California in the Commercial Code[4] and the Corporations Code.[5] Both code sections, in defining "notice," require

---

[4]Commercial Code section 1201 states in part:

"(25) A person has 'notice' of a fact when

"(a) He has actual knowledge of it; or

"(b) He has received a notice or notification of it; or

"(c) From all the facts and circumstances known to him at the time in question he has reason to know that it exists.

"A person 'knows' or has 'knowledge' of a fact when he has actual knowledge of it. 'Discover' or 'learn' or a word or phrase of similar import refers to knowledge rather than to reason to know. The time and circumstances under which a notice or notification may cease to be effective are not determined by this code.

"(26) A person 'notifies' or 'gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person 'receives' a notice or notification when

"(a) It comes to his attention; or

"(b) It is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications."

[5]Corporations Code section 15003 (Uniform Partnership Act) states:

*"Knowledge and notice defined.* (1) A person has 'knowledge' of a fact within the meaning of this act not only when he has actual knowledge thereof, but also when he has knowledge of such other facts as in the circumstances shows bad faith.

"(2) A person has 'notice' of a fact within the meaning of this act when the person who claims the benefit of the notice

"(a) States the fact to such person, or

"(b) Delivers through the mail, or by other means of communication, a written statement of the fact to such person or to a proper person at his place of business or residence."

that the intended recipient of the notice acquire some knowledge of the notice. Can "notice" be given to the dead? No. In the case at bench, the depositor Jones was deceased at the time the letter of redemption (Exhibit C) was mailed and could not obtain "notice," actual or constructive.

Defendant Savings and Loan Assoc.'s having the letter sent to its depositor (holder) Jones returned marked "Deceased," would ordinarily excite inquiry and it should reasonably assume and be alerted to the fact that there may be an interest, claim or right in the investment certificate by either the legal representative or heir of the deceased Jones or by the State of California under its "escheat" laws if she died without heirs.

Therefore, defendant Savings and Loan Assoc. had the responsibility, with "due diligence" to use "reasonable efforts" to (1) ascertain whether or not its depositor (holder) Jones was in fact deceased and, if so, to (2) ascertain whether or not there were legal representatives or heirs and, if so, to give "notice" to them in order to effectively terminate the interest.

What constitutes "reasonable efforts" varies with the circumstances of each case. The size of the deposit would be a legitimate factor to consider in determining whether or not "reasonable efforts" were made. In the case at bench the balance in the savings account exceeded $3,000; the minimum "reasonable effort" would certainly require the defendant to investigate the public records of the local county clerk to see if there were probate proceedings. Had this been done, it would have disclosed the name of the legal representative of the deceased depositor Jones.

In the case of *Dolch* v. *Ramsey,* 57 Cal.App.2d 99, 105-106 [134 P.2d 19], the court said: ". . . A person may not have actual knowledge of certain facts, but if he has knowledge of sufficient facts to cause a reasonably prudent person of ordinary intelligence to make inquiry, the law will impute knowledge of those facts which may be easily ascertained by reasonable inquiry. When the law imputes knowledge, it has the same legal effect as though there was actual knowledge.

"The rule is thus stated in *Sterling* v. *Title Ins. & Trust Co.,* 53 Cal. App.2d 736 [128 P.2d 31], at page 748:

" 'A common situation is one where conflicting property rights are involved, and of these Mr. Pomeroy says (Pomeroy's Equity Juris., vol. 2, 4th ed. p. 1154, § 608), "Whenever a party has information or knowledge of certain extraneous facts, which of themselves do not amount to, nor tend to show, an *actual* notice, but which are sufficient to put a reasonably prudent man upon an inquiry respecting a conflicting interest, claim, or right, *and the circumstances are such that the inquiry, if made and followed up*

*with reasonable care and diligence, would lead to a discovery of the truth,* to a knowledge of the interest, claim, or right which really exists, then the party is absolutely charged with a constructive notice of such interest, claim, or right." ' See, also, *Nicholson* v. *City of Los Angeles,* 5 Cal.2d 361 [54 P.2d 725]; *West* v. *Great Western Power Co.,* 36 Cal.App.2d 403 [97 P.2d 1014]; *Price* v. *Mason-McDuffie Co.,* 50 Cal.App.2d 320 [122 P.2d 971]."

Therefore, we hold that defendant-respondent Savings and Loan Assoc. did not give proper "notice" of redemption to the "holder" in order to terminate interest on Accumulative Investment Certificate No. 36285 as required by Sections 6563 and 6568 for the following reasons: (1) that the return of the letter, with a marking "Deceased,"[6] alerted defendant Savings and Loan Assoc. that the intended recipient of the letter no longer existed, so that "notice" could not be effectuated; (2) that the return of the letter with the marking "Deceased" also alerted defendant Savings and Loan Assoc. that decedent Jones could no longer be the "holder" of the investment certificate; (3) that defendant should have reasonably assumed there may be an interest, claim or right in the savings account by the legal representative or heirs of the deceased Jones, if any; and (4) that defendant failed to discharge its responsiblity of "due diligence" to use "reasonable efforts" to ascertain the legal representative who would be the person/holder to whom "notice" would have to be sent to comply with Sections 6563 and 6568.[7]

## CONCLUSION

When defendant Savings and Loan Assoc. elected to rest after the notice of redemption envelope was returned marked "Deceased," it shirked its responsibility resulting in an unpaid deferred debt. Defendant must now, belatedly, settle the account.

---

[6]*Caveat:* In the case at bench, if the envelope had been returned with the notation "Moved—no forwarding address" or "Unknown at this address" or some comment other than "Deceased," the result would be different.

[7]If, as a result of "reasonable efforts," it is determined that a savings account depositor is "deceased" and there is no legal representative or heirs, in order to terminate interest pursuant to SECTIONS 6563 and 6568 the "notice" of redemption letter should be directed to the Controller of the State of California for action to determine if the account should "escheat" to the state.

This is not inconsistent with Code of Civil Procedure section 1513 since the financial organization or banking association has knowledge which may close the account by "escheating" to the state prior to the time prescribed in Code of Civil Procedure, section 1513.

In addition, it is reasonable to assume that a deceased depositor would desire that his or her lawful heirs or the citizens of the State of California, under the "escheat" laws, have the benefit of the interest derived from money deposited in a savings account, rather than have it go by way of a "windfall" to a savings and loan association.

Plaintiffs Marquis and Click are each entitled to a 15/40th fraction of the interest due under Investment Certificate No. 36285 from October 1, 1954, to the date of defendant Savings and Loan Assoc.'s distribution on March 21, 1969; plus 7 percent interest on the interest retained from March 21, 1969, to date of judgment.

Reversed and remanded with instructions to render judgment in favor of the plaintiffs, and each of them, in accordance with the views expressed herein.

Lillie, Acting P. J., and Thompson, J., concurred.

On February 20, 1974, the opinion was modified to read as printed above.